Clovernell V. TILLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14883.

Court of Criminal Appeals of Oklahoma.

May 13, 1970.

Red Ivy and Justus Hefley, Anadarko, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Clovernell V. Tilley, hereinafter referred to as the defendant, was charged by information in the County Court of Caddo County with the crime of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Defendant was tried before a jury, who found him guilty, but could not reach a decision as to the punishment and left it to be assessed by the trial court. Defendant was sentenced to pay a fine of $200.00 and to serve 10 days in the Caddo County Jail. It is from that judgment and sentence that defendant has perfected his appeal. The State offered in support of their case two witnesses, who both were troopers on the force of the Highway Patrol. The defendant offered no testimony in support of a defense.

This case has been thoroughly reviewed and the brriefs filed herein have been read in their entirety, and though there appears some irregularities, there are none of such consequence as would justify reversal or modification. The evidence as presented by two arresting officers was ample to justify the conviction. There was no attempt made on the part of defendant to refute the State's contention as they offered no testimony nor offered any defense. The defendant relied wholly upon the cross-examination of the State's witnesses to build his defense, which in the opinion of this Court was not sufficient to overcome the State's evidence.

This Court has often held that where there is sufficient evidence to sustain the jury's verdict and the record is free from any error that would justify reversal, this Court will not disturb the jury's verdict on appeal.

In the instant case, it appears to this Court that defendant was afforded a fair and impartial trial guaranteed her under the constitution, and the judgment and sentence of the lower court is, therefore, Affirmed.

BRETT, P. J., and BUSSEY, J., concur.